**Form 149**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

In re:

**Mariann Kaczmarek**
**aka Mariann D. Kaczmarek, fka Mariann D'Amico**
  Debtor(s)

Bankruptcy Case No.: 20–21993–CMB
Per August 24, 2020 Proceeding
Chapter: 13
Docket No.: 25 – 18
Concil. Conf.: January 14, 2021 at 02:00 PM

## ORDER OF COURT CONFIRMING PLAN AS MODIFIED
## AND SETTING DEADLINES FOR CERTAIN ACTIONS

*(1.) PLAN CONFIRMATION:*

IT IS HEREBY ORDERED that upon consent of the Debtor(s), the Chapter 13 Plan dated July 29, 2020 is CONFIRMED as modified at the Plan confirmation hearing. Terms of the Plan not expressly modified by this Order remain in full force and effect. A copy of this Plan was previously mailed to you. *Only those provisions which are checked below apply to this case:*

- ☐ A. For the remainder of the Plan term, the periodic Plan payment is amended to be $ as of . Debtor(s)' counsel shall file a motion to amend the income attachment order within seven (7) days of the date of this Order.

- ☐ B. The length of the Plan is increased to a total of months. This statement of duration of the Plan is an approximation. The Plan shall not be completed until the goals of the Plan have been achieved. The total length of the Plan shall not exceed sixty (60) months.

- ☒ C. Plan confirmation is on an interim basis only as a form of adequate protection. The Trustee is authorized to distribute to secured and priority creditors with percentage fees. *A final plan conciliation conference will be held on Jan. 14, 2021 at 02:00 PM, in remotely by the Trustee via Zoom, how to participate:goto www.ch13pitt.com, meetings@chapter13trusteewdpa.com.* If the Parties cannot resolve all disputes at the conciliation conference, a hearing will be scheduled and orally announced at the conclusion of the conference without any further written notice to any party. Parties are directed to monitor the Court's docket and read the Chapter 13 Trustee's minutes of the conciliation conference to the extent such parties desire more information regarding the outcome of the conciliation conference.

- ☐ D. Plan confirmation is subject to the resolution of all actions to determine the avoidability, priority, or extent of liens; including determination of the allowed amount of secured claims under *11 U.S.C. §506*, disputes over the amount and allowance of claims entitled to priority under *11 U.S.C. §507*, and all objections to claims.

- ☐ E. The allowed claims of general unsecured creditors shall be paid from available funds on a pro rata basis, which may represent an increase or decrease in the amount projected in the Plan.

- ☐ F. shall be paid monthly payments of $ beginning with the Trustee's distribution and continuing for the duration of the plan term, to be applied by that creditor to it's administrative claim, budget payments and/or security deposit. These payments shall be at the third distribution level.

- ☒ G. The claims of the following creditors shall govern as to amount, classification and rate of interest (or as otherwise noted), unless the Debtor(s) successfully objects to the claim: PNC (Cl. #4) .

- ☒ H. Additional Terms: Fee application needed if any fee (including retainer) exceeds $4,000 including any fees paid to prior counsel.

*(2.)    IT IS FURTHER ORDERED THAT THE FOLLOWING DEADLINES ARE ESTABLISHED:*

**A.    Objections to the Plan.** Pursuant to *Fed.R.Bankr.P. 2002(b)*, this Order shall not become final for a period of twenty−eight (28) days. Any party in interest with an objection to any provision of this Confirmation Order must file a written objection within that twenty−eight (28) day period. Failure to timely object shall be deemed a waiver of all objections and an acceptance of the provisions of this confirmed Plan. The Trustee may disburse funds pursuant to this confirmation order upon it's entry.

**B.    Applications to retain brokers, sales agents, or other professionals.** If the Plan contemplates sales of assets or litigation proceeds as a source of funding, Debtor(s) shall file motion(s) to employ the necessary professionals within thirty (30) days hereof.

**C.    Review of Claims Docket and Objections to Claims.** Pursuant to *W.PA.LBR 3021−1(c)(2)*, the Debtor or Debtor's attorney, if represented, shall review the proofs of claim filed and shall file objections to any disputed claims within ninety (90) days after the claims bar date or, for late filed or amended claims, within ninety (90) days after they are filed and served. Absent an objection, the proof of claim will govern as to the classification and amount of the claim. Objections filed after the ninety (90) days specified herein shall be deemed untimely.

**D.    Motions or Complaints Pursuant to §§506, 507 or 522.** All actions to determine the priority, avoidability, or extent of liens, all actions pursuant to *11 U.S.C. §§506, 507 and 522* shall be filed within ninety (90) days after the claims bar date.

**E.    Filing Amended Plans.** Within fourteen (14) days after the Bankruptcy Court resolves the priority, avoidability, or extent of a lien, or any objection to claim, the Debtor(s) shall file an amended Plan to provide for the allowed amount of the claim if the allowed amount differs from the amount stated in the plan. Debtor(s) shall also file an amended Plan within thirty (30) days after the claims bar date(s) in the event that no objection is filed and the claim(s) as filed causes the Plan to be underfunded.

*(3.)*   **IT IS FURTHER ORDERED THAT:**

**A.**   After the claims objection deadline, the Plan shall be deemed amended to conform to the claims filed or otherwise allowed. If the Plan expressly modified the terms of payment to any creditor pursuant to *11 U.S.C. §1322(b)(2)*, nothing in this Order shall be construed to change the payment terms established in the Plan.

**B.**   Any creditor who files or amends a proof of claim shall serve a copy on the Debtor(s) or counsel for the Debtor(s).

**C.**   Any creditor whose payment changes due to variable interest rates, change in escrow, or change in monthly payments, shall notify the Trustee, Debtor(s)' counsel and Debtor(s) at least twenty–one (21) days prior to the change taking effect.

**D.**   Debtor's counsel must file a fee application in accordance with *W.PA.LBR 2016–1* before attorney fees in excess of the "no look" provision (including retainer) will be allowed or paid.

**E.**   The Trustee shall file a *Certificate of Default and Request for Dismissal* of the case in the event of a material Plan default. If the default involves failure to make a plan payment the case will result in dismissal without further hearing upon filing and service of an *Affidavit of Default* by the Trustee. The Trustee is not precluded from raising pre–confirmation defaults in any subsequent motion to dismiss.

**F.**   In the event that any order is entered in this case granting relief from the automatic stay to a secured creditor, then the Trustee shall make no further disbursements to any creditor on account of any ***secured claim*** that is secured by the subject property, unless directed otherwise by further Order of Court.

Dated: August 24, 2020

Carlota M. Böhm, Judge
United States Bankruptcy Court

cc: All Parties in Interest to be served by Clerk in seven (7) days

```
                              United States Bankruptcy Court
                              Western District of Pennsylvania
In re:                                                              Case No. 20-21993-CMB
Mariann Kaczmarek                                                   Chapter 13
         Debtor
                                    CERTIFICATE OF NOTICE
District/off: 0315-2          User: dric                 Page 1 of 2           Date Rcvd: Aug 24, 2020
                              Form ID: 149               Total Noticed: 16


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Aug 26, 2020.
db            +Mariann Kaczmarek,    3701 Colby Street,    Pittsburgh, PA 15214-2111
15261232      +Allegheny Community FCU,    1001 Liberty Avenue, Suite 100,    Pittsburgh, PA 15222-3715
15277947       Citibank, N.A.,    5800 S Corporate Pl,    Sioux Falls, SD  57108-5027
15261234      +Citicards/Citibank,    PO Box 6241,   Sioux Falls, SD 57117-6241
15261237     ++NISSAN MOTOR ACCEPTANCE CORPORATION,    LOSS RECOVERY,    PO BOX 660366,    DALLAS TX 75266-0366
              (address filed with court: Nissan Motor Acceptance,     8900 Freeport Parkway,
                Irving, TX 75063)
15270633      +NewRez c/o,    PHH Mortgage Services,    PO Box 5452,    Mount Laurel, NJ 08054-5452
15268663       PHH MORTGAGE CORPORATION,    BANKRUPTCY DEPARTMENT,,    P.O. BOX 24605,
                WEST PALM BEACH FL 33416-4605
15261238       PHH Mortgage Services,    2001 Leadenhall Road,    Mount Laurel, NJ 08054
15277935      +PNC Bank, N.A.,    P.O. Box 94982,   Cleveland, OH 44101-4982
15261239      +PNC Mortgage,    P.O. Box 8703,    Dayton, OH 45401-8703

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
cr            +E-mail/Text: kburkley@bernsteinlaw.com Aug 25 2020 03:47:05      Duquesne Light Company,
                c/o Bernstein-Burkley, P.C.,    707 Grant Street, Suite 2200, Gulf Tower,
                Pittsburgh, PA 15219-1945
15261233      +E-mail/Text: bk@avant.com Aug 25 2020 03:47:00       Avant,   222 N. LaSalle Street,   Suite 1700,
                Chicago, IL 60601-1101
15261235      +E-mail/Text: bankruptcy_notifications@ccsusa.com Aug 25 2020 03:47:07
                Credit Collection Service,    725 Canton Street,    Norwood, MA 02062-2679
15261236       E-mail/Text: mrdiscen@discover.com Aug 25 2020 03:46:11       Discover Financial Services,
                P.O. Box 15316,    Wilmington, DE 19850
15265591       E-mail/Text: mrdiscen@discover.com Aug 25 2020 03:46:11       Discover Bank,
                Discover Products Inc,    PO Box 3025,    New Albany Ohio 43054-3025
15277783       E-mail/Text: JCAP_BNC_Notices@jcap.com Aug 25 2020 03:46:53       Jefferson Capital Systems LLC,
                Po Box 7999,    Saint Cloud Mn 56302-9617
                                                                                              TOTAL: 6

              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr             PHH MORTGAGE CORPORATION
cr*           +PNC Bank, N.A.,    P.O. Box 94982,   Cleveland, OH 44101-4982
15270628*     +Allegheny Community FCU,    1001 Liberty Avenue, Suite 100,    Pittsburgh, PA 15222-3715
15270629*     +Avant,    222 N. LaSalle Street,   Suite 1700,    Chicago, IL 60601-1101
15270630*     +Citicards/Citibank,    PO Box 6241,   Sioux Falls, SD 57117-6241
15270631*     +Credit Collection Service,    725 Canton Street,    Norwood, MA 02062-2679
15270632*    ++DISCOVER FINANCIAL SERVICES LLC,    PO BOX 3025,    NEW ALBANY OH 43054-3025
              (address filed with court: Discover Financial Services,     P.O. Box 15316,
                Wilmington, DE 19850)
15270634*    ++NISSAN MOTOR ACCEPTANCE CORPORATION,    LOSS RECOVERY,    PO BOX 660366,    DALLAS TX 75266-0366
              (address filed with court: Nissan Motor Acceptance,     8900 Freeport Parkway,
                Irving, TX 75063)
15270635*     +PHH Mortgage Corporation,    Bankruptcy Dept. PO Box 24605,    West Palm Beach, FL 33416-4605
15270636*      PHH Mortgage Services,    2001 Leadenhall Road,    Mount Laurel, NJ 08054
15270637*     +PNC Mortgage,    P.O. Box 8703,    Dayton, OH 45401-8703
                                                                                TOTALS: 1, * 10, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 26, 2020                                              Signature:  /s/Joseph Speetjens

```
District/off: 0315-2              User: dric                  Page 2 of 2                  Date Rcvd: Aug 24, 2020
                                  Form ID: 149                Total Noticed: 16
```

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 24, 2020 at the address(es) listed below:

```
              Brian   Nicholas     on behalf of Creditor    PNC Bank, N.A. bnicholas@kmllawgroup.com
              Keri P. Ebeck     on behalf of Creditor    Duquesne Light Company kebeck@bernsteinlaw.com,
               jbluemle@bernsteinlaw.com
              Mario J. Hanyon     on behalf of Creditor    PHH MORTGAGE CORPORATION pawb@fedphe.com
              Matthew M. Herron     on behalf of Debtor Mariann   Kaczmarek mmh@thedebtdoctors.com,
               hgs@thedebtdoctors.com;alb@thedebtdoctors.com
              Office of the United States Trustee     ustpregion03.pi.ecf@usdoj.gov
              Ronda J. Winnecour     cmecf@chapter13trusteewdpa.com
                                                                                             TOTAL: 6
```